**Quarles & Brady** LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Proposed Attorneys for Debtor-in-Possession

Isaac M. Gabriel (#021780)
isaac.gabriel@quarles.com
Hannah Torres (#033137)
hannah.torres@quarles.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KINSER GROUP LLC,<br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 2:20-bk-09355<br><br>**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL** |

KINSER GROUP, LLC, the debtor-in-possession (the "**Debtor**") in the above-captioned Chapter 11 case (the "**Case**"), hereby files this Motion for entry of interim and final orders authorizing the Debtor's limited use of cash collateral in which certain secured creditors may assert a lien interest. This Motion seeks immediate entry of an interim order granting the Motion (a proposed form of interim order is attached to this Motion as **Exhibit "A"**), and is brought on an emergency basis on expedited notice under Bankruptcy Code § 363 and Local Bankruptcy Rules 4001-4 and 9013-1(h) to avoid immediate and irreparable harm to the Debtor's estate.

> The relief requested in this Motion includes entry of an order granting alleged prepetition secured creditors replacement liens in certain post-petition assets of the Debtor and other adequate protection. The basis for the relief requested in this Motion is in paragraphs 24 through 32.

## JURISDICTION AND VENUE

1. On August 14, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Bankruptcy Case**").

2. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Debtor is an Arizona limited liability company with its principal place of business in Bloomington, Indiana. Accordingly, venue of the Debtor's Bankruptcy Case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a) and 363(a), (b) and (c).

5. No trustee or examiner has been appointed in the Bankruptcy Case, nor has an official committee of unsecured creditors been established.

## FACTUAL BACKGROUND

### The Debtor's Hotels

6. The Debtor owns and operates two hotels located in Bloomington, Indiana – a 118-room Holiday Inn located at 1710 Kinser Pike (the "**Holiday Inn**"), and a 66-room Comfort Inn located at 1700 Kinser Pike (the "**Comfort Inn**" and, together with the Holiday Inn, the "**Hotels**").

7. As of the Petition Date, the Debtor's Hotels were operated and managed by

an affiliate hotel management entity, Tristar Investment Company, L.L.C. I ("**Tristar**").[1]
Tristar also makes entries into and maintains the Debtor's books and records on a day-to-day basis.

8.  In addition to the revenue generated from offering hotel rooms to the public, the Holiday Inn has a restaurant, lounge, cleaning department, laundry service, dry cleaning pickup and delivery, meeting rooms that customers and members of the public may rent for functions, meetings, and events, a swimming pool and whirlpool, fitness center, internet, a business center, and phone service.

9.  In addition to offering hotel rooms to the public, the Comfort Inn provides hot breakfast to guests, has a gift shop, cleaning department, provides laundry service, has a whirlpool and swimming pool, a fitness center, offers dry cleaning pickup and delivery, and has internet, business center, and phone service.

10. As of the Petition Date, the Debtor had approximately $100,000 generated from the operation of the Hotels in its operating bank accounts.

11. A description of Debtor and its business, and the facts and circumstances supporting this Motion and the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Ken Edwards in Support of First Day Motions* (the "**Edwards Dec.**") filed contemporaneously herewith and incorporated by reference herein.

**The Secured Loan**

12. First Financial Bank ("**First Financial**") asserts the Debtor is obligated to it on a secured loan (the "**First Financial Loan**") in the original principal amount of $8,219,257. The First Financial Loan is evidenced by a promissory note dated on or about January 25, 2007 (as may be amended from time to time, including as amended by the

---

[1] Tristar is a professional hotel management company. In addition to managing the Debtor's Hotels, Tristar manages numerous other hotels that are owned by affiliates of the Debtor as well as hotels owned by unrelated third-parties.

*Second Amended And Restated Promissory Note* dated April 16, 2018 and the *Amendment To Promissory Note* dated April 20, 2020, the "**Note**").

13. The obligations owing under the Note are asserted to be secured by: (i) the *Mortgage And Security Agreement With Assignment Of Rents And Fixture Financing Statement* dated January 25, 2007 and recorded in Monroe County, Indiana (as amended from time to time, the "**Mortgage**"), (ii) the *Security Agreement* dated January 25, 2007 (the "**Security Agreement**"), and (iii) UCC financing statements filed with the Arizona Secretary of State. Pursuant to the Mortgage and Security agreement, First Financial asserts a lien and security interest in all of the Debtor's real and personal property, including accounts receivable and other funds generated by the Debtor's business operations.

## **The Commencement Of This Bankruptcy**

14. As a result of the Hotels' close proximity to Indiana University's main campus, and the number of the events that happen on and around campus each year, each of the Hotels have historically performed well and had solid revenues.

15. However, in 2019, three (3) new hotels were constructed and opened in the Bloomington, adding approximately 500 rooms to the market. This both increased available inventory for consumers and brought increased competition through newly constructed properties (which consumers typically prefer), but without increasing the underlying demand/need for additional hotel rooms. This negatively impacted the Debtor's revenue and profitability in 2019. Edwards Dec., ¶ 23.

16. Then, in early-to-mid-March 2020, the COVID-19 pandemic hit the United States, resulting in the travel and hospitality industry in Indiana (and across the United States and world) coming to a near-complete halt. *Id*., ¶ 24.

17. The occupancy rate for each of the Hotels plummeted during the period from March 2020 through June 2020 (the Comfort Inn's occupancy rate averaged 26.2%

during this time, whereas the Holiday Inn's averaged 14.6%) compared to the previous occupancy rates of 46% from March, 2019 through February 2020. *Id*., ¶¶ 25-26.

18. Similarly, the combined revenue of the Hotels from January 1, 2019 through June 30, 2019 was approximately $1,629,000.00. During the same period of time this year (January 1, 2020 through June 30, 2020), the combined revenue of the Hotels fell to approximately $641,000.00, despite the fact that January and February 2020 were essentially normal months. *Id*., ¶ 27.

19. As a result of the above struggles, even with a deferment of payments from First Financial from March 2020 through August 2020, the Debtor has had a negative net income during this period. *Id*., ¶ 29.

**The Claimed Cash Collateral**

20. For purposes of this Motion, "**Cash Collateral**" will mean all cash and cash proceeds held or hereafter received by the Debtor derived from the Hotels. On information and belief, the First Financial may assert that the Cash Collateral constitutes its "cash collateral" as that term is used in the Bankruptcy Code. The Debtor reserves its rights with respect to whether or not some or all of the Cash Collateral constitute cash collateral under the Bankruptcy Code.

21. To continue its business operations, the Debtor needs to use the Cash Collateral to pay necessary postpetition operating expenses. Without immediate authority to use Cash Collateral to pay operating expenses, immediate and irreparable harm to the Debtor's estate and businesses would result. Payment of the operating expenses preserves and enhances the value of the Debtor's property benefitting all creditors, including First Financial.

22. The Debtor has prepared a 12-week interim operating budget (the "**Operating Budget**"), which itemizes the operating expenses for each of the Hotels. A copy of the Operating Budget is attached hereto as **Exhibit "B"**. Cash Collateral,

accounts receivable, and inventory will continue to be replaced through the booking and completion of reservations at the Hotels, sales of meals and gift shop inventory, and the repurchase of inventory.

23. The Debtor only seeks to pay its actual and necessary operating expenses, including non-insider payroll, management fees to Tristar, utilities, post-petition franchise fees, inventory for its gift shops and restaurant, and cleaning/laundry expenses. Other than payment of the management fee to Tristar, the Debtor is not proposing to pay any insiders during the interim period.

24. The Debtor asserts that the management fee is a market rate fee that is typical for the hotel industry. If Tristar was not paid as the manager, the Debtor would be required to retain another management company to manage the Hotels and pay the same or higher fee to it. This would also be very disruptive to the Debtor's business.

## **RELIEF REQUESTED**

25. The Debtor requests that the Court authorize its use of Cash Collateral under the terms and conditions of the proposed interim order attached to this Motion as **Exhibit "A"**, and then grant final authority after a final hearing as provided in the proposed interim order.

## **ARGUMENT**

26. Under 11 U.S.C. § 363(c)(2)(B), a debtor-in-possession may use cash collateral if the party with an interest in the cash collateral authorizes such use, or if the court, after notice and a hearing, authorizes such use. The entity asserting an interest in the cash collateral has the burden of proof on issues of the validity, priority, or extent of any claimed interest in the cash collateral. 11 U.S.C. § 363(p). Once proven, the court must condition the use of cash collateral to adequately protect the secured party's interest therein. Adequate protection does not increase the secured party's bundle of rights under state law; rather, a court must tailor the amount or method of adequate protection so as to

prevent any diminution in value to the secured creditor's collateral. *See In re Pac. Lifestyle Homes, Inc.*, No. 08-45328 (Bankr. W.D. Wash. March 16, 2009), *available at* 2009 WL 688908, *citing In re Am. Mariner Indus., Inc.*, 734 F.2d 426, 431 (9th Cir. 1984). All the secured party is entitled to is adequate protection of the rights it bargained for. *See id*.

27. Furthermore, if the value of the creditor's rights is not likely "to diminish during the time of use," adequate protection need not be provided. *See In re McCombs Props. VI, Ltd.*, 88 B.R. 261, 266 (Bankr. C.D. Cal. 1988) ("I am not convinced that gross rents will diminish over the foreseeable future and this is the risk requiring protection . . . Debtor has committed to use the cash collateral to pay operating expenses and improve and maintain the Property . . . [and thereby has] substantially eliminated the risk of diminution of [the creditor's] interest in cash collateral.")

28. While adequate protection may be achieved in a number of ways, the Bankruptcy Code suggests certain forms of adequate protection that a debtor may grant to a creditor, including replacement liens. *See* 11 U.S.C. § 361. In this Bankruptcy Case, the Debtor respectfully requests that the Court authorize the Debtor to use the Cash Collateral that may constitute First Financial's cash collateral for approximately 90 days in accordance with the Operating Budget, in exchange for the Debtor granting First Financial certain forms of adequate protection described in 11 U.S.C. § 361.

29. The Debtor believes the Operating Budget contains income and expenses that are reasonable, achievable, and necessary for each of the Hotels. Indeed, such expenses would be incurred by First Financial itself if it owned and operated the Hotels. However, the Debtor reserves the right to modify the Operating Budget from time to time based on its business judgment, after consultation with First Financial or after notice and upon order of this Court.

30. Moreover, if the use of Cash Collateral is not permitted, the Hotels would not be able to operate, the franchise agreements would be breached, and a non-operating,

un-branded hotel would have significantly lower value for all creditors, including First Financial. Thus, allowing the use of Cash Collateral is necessary to preserve the value of the Hotels as going-concern assets.

31. First Financial will be adequately protected despite the Debtor's use of its Cash Collateral through a replacement lien granted to First Financial in the same type of collateral in which it held an interest prepetition, including without limitation postpetition income and accounts receivable generated by its non-cash collateral to the same extent and priority as it held prepetition. First Financial will also be adequately protected by the Debtor's ongoing and future operations enhanced by the use of Cash Collateral, and by the segregation of its Cash Collateral from other funds.

32. Finally, as demonstrated in the Operating Budget, First Financial will be adequately protected because the Debtor will accrue cash during postpetition and its cash collateral position will not be diminished.

## **NECESSITY FOR IMMEDIATE RELIEF**

33. In accordance with Bankruptcy Rule 4001(b)(1), the Debtor requests that the Court approve the Motion on an interim basis pending a final hearing on the Motion. As described above, this is necessary to prevent immediate and irreparable harm to the Debtor and its estate.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court authorize the Debtor's use of Cash Collateral generated from the Hotels in accordance with and under the terms and conditions set forth in the proposed interim order attached as **Exhibit "A"**, and grant the Debtor such other and further relief as is just and proper under the circumstances of this case.

RESPECTFULLY SUBMITTED this 14th day of August, 2020.

        QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391


By /s/ Isaac M. Gabriel
    Isaac M. Gabriel
    Hannah R. Torres

Proposed Attorneys for Debtor-in-Possession

COPIES of the foregoing sent via
e-mail or first-class mail this
14th day of August, 2020, to all
parties on the Court's Master Mailing
List attached hereto.

Office of the U.S. Trustee
230 N .First Avenue, Suite 204
Phoenix, AZ 85004
Email: ustpregion14.px.ecf@usdoj.gov


/s/ Sybil Taylor Aytch

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0970-2<br>Case 2:20-bk-09355<br>District of Arizona<br>Phoenix<br>Fri Aug 14 15:21:37 MST 2020 | KINSER GROUP LLC<br>C/O TRISTAR HOTEL MANAGEMENT<br>8747 E. VIA DE COMMERCIO<br>SCOTTSDALE, AZ 85258-3328 | U.S. Bankruptcy Court, Arizona<br>230 North First Avenue, Suite 101<br>Phoenix, AZ 85003-0608 |
| #VIDIT<br>2463 N LOS ALAMOS<br>MESA, AZ 85213-1687 | ALLSTATE<br>9838 OLD BAYMEADOWS RD, #287<br>JACKSONVILLE, FL 32256-8101 | AMAZON PAYMENTS, INC<br>PO BOX 81226<br>SEATTLE, WA 98108-1300 |
| AMERICAN HOTEL REGISTER<br>PO BOX 206720<br>DALLAS, TX 75320-6720 | ARIZONA DEPT. OF ECONOMIC<br>SECURITY<br>POST OFFICE BOX 6028 911B<br>PHOENIX, AZ 85005-6028 | ARIZONA DEPT. OF REVENUE<br>1600 WEST MONROE, 7TH FLOOR<br>PHOENIX, AZ 85007-2650 |
| AT&T GLOBAL NETWORK<br>P.O. BOX 5091<br>CAROL STREAM, IL 60197-5091 | AT&T/4372<br>P.O. BOX 5094<br>CAROL STREAM, IL 60197-5094 | AVESIS<br>9838 OLD BAYMEADOWS RD, #287<br>JACKSONVILLE, FL 32256-8101 |
| BLOOMINGTON CLEANERS<br>317 WEST 17TH STREET<br>BLOOMINGTON, IN 47404-3453 | CADILLAC COFFEE<br>PO BOX 932249<br>CLEVELAND, OH 44193-0010 | CARBON'S GOLDEN MALTED<br>PO BOX 129<br>CONCORDVILLE, PA 19331-0128 |
| CENTURYLINK<br>BUSINESS SERVICES<br>PO BOX 52187<br>PHOENIX, AZ 85072-2187 | CHOICE HOTELS INTERNATIONAL, INC.<br>10750 COLUMBIA PIKE<br>SILVER SPRING, MD 20901-4402 | CHOICE HOTELS INTL. (IN275-02)<br>PO BOX 99992<br>CHICAGO, IL 60696-7792 |
| CINTAS CORPORATION<br>97627 EAGLE WAY<br>CHICAGO, IL 60678<br>CITY GLASS<br>719 W 17TH STREET<br>BLOOMINGTON, IN 47404-3331 | CITY OF BLOOMINGTON UTILITIES<br>ATTN A/R<br>P.O. BOX 2500<br>BLOOMINGTON, IN 47402-2500 | COMMERCIAL SERVICE OF BLOOMINGTON<br>4710 W VERNAL PIKE<br>BLOOMINGTON, IN 47404-9334 |
| DENISE MILLER<br>C/O MATTHEW S. TARKINGTON<br>LEWIS & KAPPES, P.C.<br>2500 ONE AMERICAN SQUARE<br>INDIANAPOLIS, IN 46282 | DEREK FLOTTUM<br>3755 E. FAIRMOUNT RD.<br>PHOENIX, AZ 85018-5124 | DUKE ENERGY<br>P.O. BOX 1326<br>CHARLOTTE, NC 28201-1326 |
| ECOLAB * 4244<br>P.O. BOX 70343<br>CHICAGO, IL 60673-0343 | ECONOMY TERMITE & PEST CONTROL<br>P O BOX 1638<br>BLOOMINGTON, IN 47402-1638 | EDWARD DON<br>2562 PAYSPHERE CIRCLE<br>CHICAGO, IL 60674-0001 |
| EXTRA SPACE STORGAE<br>3950 JONATHON DR<br>BLOOMINGTON, IN 47404-4825 | FEDEX<br>P.O. BOX 94515<br>PALATINE, IL 60094-4515 | FIRST FINANCIAL BANK<br>2000 W. COURT STREET<br>KANKAKEE, IL 60901-3100 |

| | | |
|---|---|---|
| FIRST FINANCIAL BANK<br>300 HIGH STREET<br>HAMILTON, OH 45011-6045 | FORTHPHAZE TECHNOLOGY, INC<br>414 WEDST KIRKWOOD<br>BLOOMINGTON, IN 47404 | GRANITE TELECOM<br>P.O. BOX 983119<br>BOSTON, MA 02298-3119 |
| GUEST SUPPLY<br>P.O. BOX 6771<br>SOMERSET, NJ 08875-6771 | HD SUPPLY<br>P.O. BOX 509058<br>SAN DIEGO, CA 92150-9058 | HERALD TIMES<br>P.O. BOX 909<br>1900 S WALNUT STREET<br>BLOOMINGTON, IN 47401-7720 |
| HOLIDAY HOSPITALITY FRANCHISING, LLC<br>421 W MAIN STREET<br>FRANKFORT, KY 40601-1815 | HOLIDAY HOSPITALITY FRANCHISING, LLC<br>C/O CORPORATION SERVICE COMPANY<br>8825 N 23RD AVENUE<br>SUITE 100<br>PHOENIX, AZ 85021-4148 | HUFCOR INDIANA<br>28621 NETWORK PLACE<br>CHICAGO, IL 60673-1286 |
| INDIANA LOGO SIGN GROUP<br>600. E 96TH STREET<br>SUITE 460<br>INDIANAPOLIS, IN 46240-3823 | INNERWORKINGS<br>7503 SOLUTION CENTER<br>A/R<br>CHICAGO, IL 60677-7005 | INTERCONTINENTAL HOTEL GROUP<br>PO BOX 101074<br>ATLANTA, GA 30392-1074 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | INTERSTATE BATTERIES<br>3301 W JONATHON DR<br>BLOOMINGTON, IN 47404-4888 | IU SPORTS PROPERTIES<br>PO BOX 843038<br>KANSAS CITY, MO 64184-3038 |
| K & S ROLLOFF<br>PO BOX 55<br>BLOOMINGTON, IN 47402-0055 | KAYLINE PROFESSIONAL MAINT PRODUCTS<br>P.O. BOX 603207<br>CLEVELAND, OH 44103-0207 | KOORSEN FIRE AND SECURITY, INC<br>2719 N. ARLINGTON AVE<br>INDIANAPOLIS, IN 46218-3300 |
| LOCKTON COMPANIES<br>DEPT LA 23878<br>PASADENA, CA 91185-3878 | M3<br>1715 N BROWN RD<br>BLDG A, SUITE 200<br>LAWRENCEVILLE, GA 30043-8119 | OTIS ELEVATOR COMPANY<br>P.O. BOX 73579<br>CHICAGO, IL 60673-7579 |
| PHILADELPHIA, PA 19101-7346<br>SECURITIES & EXCHANGE COMM.<br>5670 WILSHIRE BOULEVARD<br>11TH FLOOR<br>LOS ANGELES, CA 90036-5627 | PLASTIC LOCTECH INTERNATIONAL<br>605 SWEETEN CREEK INDUSTRIAL PARK<br>ASHEVILLE, NC 28803-1774 | PLAY NETWORK<br>PO BOX 21550<br>NEW YORK, NY 10087-1550 |
| PRICE ELECTRIC<br>724 E THORNTON DR<br>BLOOMINGTON, IN 47401-6554 | SABLE PRINTERS<br>PO BOX 171431<br>SPARTANBURG, NC 29301-0043 | SHREDDING & STORAGE<br>3001 S WALNUT<br>BLOOMINGTON, IN 47401-7336 |
| SINGLE DIGITS<br>4 BEDFORD FARMS, SUITE 210<br>BEDFORD, NH 03110-6528 | SOUTHERN GLAZER'S<br>3901 HANNA CIRCLE<br>INDIAPOLIS, IN 46241-7210 | SYSCO<br>P.O. BOX 7137<br>INDIANAPOLIS, IN 46207-7137 |

| | | |
|---|---|---|
| TSG ADMIN<br>9838 OLD BAYMEADOWS RD, #287<br>JACKSONVILLE, FL 32256-8101 | U.S. TRUSTEE<br>OFFICE OF THE U.S. TRUSTEE<br>230 NORTH FIRST AVENUE<br>SUITE 204<br>PHOENIX, AZ 85003-1725 | USA TODAY<br>PO BOX 677446<br>DALLAS, TX 75267-7446 |
| (p)VAL U CHEM INC<br>2219 E UNIVERSITY DR<br>PHOENIX AZ 85034-6803 | VECTREN ENERGY DELIVERY<br>P.O. BOX 6248<br>INDIANAPOLIS, IN 46206-6248 | WHISTLE MESSAGING INC<br>31416 AGOURA ROAD #105<br>WESTLAKE VILLAGE, CA 91361-5684 |
| WORLD CINEMA<br>9801 WESTHEIMER, SUITE 409<br>HOUSTON, TX 77042-3953 | ZURICH NORTH AMERICA<br>PO BOX 4664<br>CAROL STREAM, IL 60197-4664 | ISAAC M. GABRIEL<br>QUARLES & BRADY LLP<br>2 N. CENTRAL AVENUE<br>PHOENIX, AZ 85004-2322 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

INTERNAL REVENUE SERVICE
4041 N CENTRAL AVENUE
BUILDING A
PHOENIX, AZ  85012

VAL-U-CHEM INC.
PO BOX 82310
PHOENIX, AZ 85071

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P.O. BOX 7346

End of Label Matrix
Mailable recipients   68
Bypassed recipients    1
Total                 69